UNITED STATES of America,
Plaintiff—Appellee,

v.

Timothy Allen HEDRICK, Defendant—
Appellant.

No. 04–30194.
D.C. No. CR–02–61027–1–AA.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 7, 2005.

Decided Aug. 25, 2005.

Leslie K. Baker, United States of Attorney's Office, Eugene, OR, for Plaintiff–Appellee.

Craig E. Weinerman, Office of the Federal Public Defender, Eugene, OR, for Defendant–Appellant.

Before REINHARDT, BERZON, and BYBEE, Circuit Judges.

MEMORANDUM *

Timothy Allen Hedrick pled guilty to felony possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Hedrick contends a home visit by probation officers constitutes a search requiring reasonable suspicion. He also claims that § 922(g)(1) unconstitutionally exceeds Congress's Commerce Clause authority. Lastly, he seeks resentencing pursuant to *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), for a two-level enhancement.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

872

Hedrick did not have a reasonable expectation of privacy with respect to the home visit because (1) he was informed in his post-prison supervision agreement that probation officers would conduct home visits, *see United States v. Kincade*, 379 F.3d 813, 827–28 (9th Cir.2004) (en banc); (2) probationers enjoy only conditional liberty, *see Griffin v. Wisconsin*, 483 U.S. 868, 874, 107 S.Ct. 3164, 97 L.Ed.2d 709 (1987), *United States v. Harper*, 928 F.2d 894, 896 & n. 1 (9th Cir.1991); (3) any such expectation of privacy is not one that society recognizes as reasonable, *see United States v. Knights*, 534 U.S. 112, 119–20, 122 S.Ct. 587, 151 L.Ed.2d 497 (2001); and (4) one of the primary tasks of a probation officer is to determine the conditions and circumstances of the probationer's living arrangements and probationers are well aware of that verity. *See also Latta v. Fitzharris*, 521 F.2d 246, 249–50 (9th Cir. 1975) (en banc); *United States v. Reyes*, 283 F.3d 446 (2d Cir.2002). Since the inception of the probation and parole systems, probationers and parolees have understood that they are subject to home visits from time to time by their probation and parole officers. Hedrick could not reasonably have had any other expectation. Thus, individualized suspicion was not required.

Hedrick's challenge to the constitutionality of § 922(g)(1) as applied to his case is foreclosed by our decisions in *United States v. Younger*, 398 F.3d 1179 (9th Cir. 2005), and *United States v. Rousseau*, 257 F.3d 925 (9th Cir.2001). Moreover, *Raich v. Ashcroft*, 352 F.3d 1222 (9th Cir.2003), relied on by Hedrick, was recently overruled. *See Gonzales v. Raich*, — U.S. —, 125 S.Ct. 2195, 162 L.Ed.2d 1 (2005).

Finally, Hedrick admitted in his plea only to possession of two firearms, a Westpoint 12–gauge shotgun and a Winchester, Model 94, 30–30 caliber rifle. The district judge, however, applied a two-level enhancement, pursuant to U.S.S.G. § 2K2.1(b)(1)(A), for the six firearms found in Hedrick's apartment, not merely the two he admitted to possessing. Because Hedrick did not admit to possession of four of the firearms and the facts with respect to his possession of them were not presented to a jury, the judge's imposition of the sentencing enhancement for all six weapons violated his constitutional rights. *See United States v. Booker*, — U.S. —, 125 S.Ct. 738, 769, 160 L.Ed.2d 621 (2005). Pursuant to *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005) (en banc), we "remand to the district court ... for the [limited] purpose of ascertaining whether the sentence imposed would have been materially different had the district court known that the sentencing guidelines were advisory." *Id.* at 1074. On remand, the district judge shall give Hedrick an opportunity to opt out of resentencing if he is no longer interested in pursuing it. *Id.* at 1084.

**AFFIRMED IN PART; REMANDED IN PART.**